Henry E. Lewis, Receiver of the First National Bank v. Springville Banking Co.

66   63|
66   63.
66   63|
166s 312|

1.  Bills of Lading—*Security for Advances.*—A party who advances money to another for the purpose of enabling him to buy stock for the market, and upon the shipment of such stock takes the bills of lading as security, becomes vested with a special property in such stock which continues as long as it is in transit and until such advancements are paid.

Interpleader.—Appeal from the Circuit Court of LaSalle County; the Hon. Charles Blanchard, Judge, presiding. Heard in this court at the December term, 1895. Affirmed. Opinion filed June 1, 1896.

E. Sanford, attorney for appellant.

BREWER & STRAWN, attorneys for appellee; CHARLES O. WHITTEMORE, of counsel.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

Appellant obtained judgment in the District Court of Nebraska, against one C. P. Shur, for the sum of $1,148 and costs, upon which judgment he brought suit against Shur in the Circuit Court of Grundy County in this State, and thereupon sued out a writ of attachment in aid, and levied the same upon a lot of sheep then being pastured in Grundy county.

Appellee came in under the statute and interpleaded, setting up a special property in the sheep attached, on the ground that it had advanced to Shur the money to purchase the sheep, to the amount of $3,613.24, to secure which Shur delivered to it two drafts drawn by Shur upon Brainard, Richardson & Carpenter, at South Omaha, for said sum of $3,613.24, and to secure the drafts, appellee alleges, Shur delivered to it the bills of lading issued by the Union Pacific R. R. Co. to him, for six car loads of sheep consigned by Shur to Brainard, Richardson & Carpenter, at Chicago, Ill., which bills of lading were for the transportation and delivery of the sheep purchased by Shur, with the $3,613.24 advanced to him by appellee; that the drafts with the bills of lading attached were forwarded by appellee and presented for payment to said Brainard, Richardson & Carpenter, by whom payment was refused.

Appellee alleges further in its plea, that said drafts are now its property, and together with the bills of lading are still in its possession, and prays judgment for prior lien upon the property as against appellant and defendant Shur, for $3,613.24 and interest.

The venue of the cause was changed to La Salle county, where there was a trial by the court without a jury. By agreement of parties, the sheep and their fleeces had been sold, and $1,500 of the money retained by the sheriff to await the result of the suit. The court found that appellee,

as interpleader, had a special property in the sheep to the amount advanced by it to purchase the same, and which exceeded the $1,500 then remaining in the hands of the sheriff, and the court therefore ordered this money to be paid to appellee.

This is assigned for error.

While there was some contradiction in the evidence, we can not say the court was not warranted in finding that appellee advanced the money to pay for the sheep, and upon an agreement that the shipping contracts, or bills of lading, should be turned over to it as security for the advancement, and that this was done; Shur drew upon the consignees for the money to reimburse appellee and placed in its hands the shipping contracts, to be forwarded with the drafts.

The delivery of bills of lading, or shipping receipts, is a symbolical delivery of the property, and vests in the pledgee a special property until his advancements are paid.    Taylor v. Turner, 87 Ill. 296; Peters et al. v. Elliott et al., 78 Ill. 321; Rumsey v. Nickerson, 35 App. 188.

It is contended that the shipping contracts were not attached to the drafts drawn by Shur upon the consignees, but that would not seem to be important as affecting appellee's special property in the sheep.    This is not a contest between consignees and third persons, where the former had paid drafts drawn against the shipment without having the bills of lading attached, and in which case the mere payment of the drafts would give no property in the freight shipped.    Here, the appellee advanced the money to pay for the sheep received, and still holds the bills of lading, and certainly so long as the sheep were *in transitu*, the special property would remain.    We think the court was justified in finding that the sheep were in the possession of appellee, and were its property until its advances were repaid.

Appellant insists that appellee lost its right to the sheep because they were unshipped at Stockdale, Ill., a way station on the C., R. I. & P. Ry., in Grundy county, to be fed and fattened, before being delivered in Chicago.    We think not.

The evidence shows that was the usual course pursued in shipping sheep from Utah to Chicago, over the Union Pacific Railroad; this was done without the consent of appellee and against its will. We do not see that appellee has done anything to waive its right to a lien upon these sheep for the advancements made by it for their purchase. Appellant advanced nothing to Shur on account of his alleged apparent ownership of the sheep in Illinois, and there would be no justice in allowing him to take their proceeds to pay an antecedent debt of Shur to the First National Bank of Kearney, Neb., of which appellant has since become the receiver.

We see no error in refusing the legal propositions submitted to the court by appellant, and we think those held for the appellee fairly stated the law of the case.

We think justice has been done and the judgment will be affirmed.